**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| ATLAS VAN LINES, INC. and<br>ATLAS WORLD GROUP, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>PACIFIC TRANSFER, LLC and<br>ALVIN TANAKA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CASE NO.: 3:23-cv-00087<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendants, Pacific Transfer, LLC ("Pacific") and Alvin Tanaka ("Alvin"), all of the Defendants in this action, hereby file their Notice of Removal of this action from the Vanderburgh Circuit Court, in which it is now pending, to the United States District Court, Southern District of Indiana, Evansville Division. In support of this Notice of Removal, Defendants state as follows:

1. On April 26, 2023, Plaintiffs, Atlas Van Lines, Inc. ("Atlas") and Atlas World Group, Inc. ("AWG") filed their Complaint in the Circuit Court of Vanderburgh County, Indiana, entitled *Atlas Van Lines, Inc. and Atlas World Group, Inc. v. Pacific Transfer, LLC and Alvin Tanaka*, Cause No. 82C01-2304-PL-002034 (the "State Court Action"). Plaintiffs' Complaint asserts claims for breach of contract and declaratory relief based on Pacific's alleged breach of an Agency Agreement (the "Agreement") and AWG's alleged right to repurchase shares of AWG held by Pacific.

2. Pursuant to S.D. Ind. L.R. 81-2(a), a copy of the State Court Record in the State Court Action is attached hereto as Exhibit 1. Defendants verify that the attached State Court Record is complete as of the date of removal.

3. Pursuant to S.D. Ind. L.R. 81-2(d), an additional copy of the operative complaint in the State Court Action is attached hereto as <u>Exhibit 2</u>.

4. Pursuant to 28 U.S.C. § 1446(a), Defendant have attached to this Notice of Removal a copy of all process and pleadings served upon them in the State Court Action to date. See Exhibits 1 and 2 attached hereto.

5. Defendants were served by certified mail and United States mail with copies of Plaintiffs' Complaint and Summons on May 1, 2023, which was the first receipt of an initial pleading by Defendants.

6. As required by 28 U.S.C. § 1446(b)(1), this Notice of Removal is being timely filed within thirty (30) days of Defendants' first receipt of Plaintiffs' initial pleadings in the State Court Action.

7. This Court has jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1332 and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

8. Pursuant to 28 U.S.C. § 1446(c)(2):

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
> >
> > > (i) nonmonetary relief; or
> > >
> > > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> >
> > (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds,

> by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

9. It is well settled that the party seeking to invoke federal diversity jurisdiction has "the initial burden of establishing by a preponderance of the evidence facts that suggest the jurisdictional amount has been satisfied." *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). Once that showing is made, "jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000." *Id.*; *see also Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible."). As the United States Supreme Court has held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

10. Pursuant to S.D. Ind. L.R. 81-1(a)(1), Defendants provide the following statements that the amount in controversy, exclusive of interest and costs at issue, is in excess of the $75,000 jurisdictional amount of 28 U.S.C. § 1332(a):

   a. In support of this averment, Defendants refer the Court to the Complaint in the State Court Action and attached Exhibit F thereto.

   b. Plaintiffs make no allegations in the Complaint in the State Court Action as to the amount of damages sought against Defendants; however, Atlas seeks the non-monetary relief of "a declaration that: Pacific breached the Agreement" and AWG seeks the non-monetary relief of "a declaration that: as a result of the termination of the Agreement, effective April 30, 2023, AWG has a right to repurchase the shares of Pacific[,]" among other relief. See Plaintiffs' Complaint, pp. 3-4. Moreover, Plaintiffs do

not otherwise explicitly disclaim any damages exceeding $75,000 in order to restrict federal jurisdiction. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511-12 (7th Cir. 2006) (concluding that a binding, express disclaimer of damages exceeding $75,000 can defeat federal subject matter jurisdiction).

    c.    Additionally, Plaintiffs seek "an award of damages and expenses, including attorneys' fees and litigation costs[,]" although no allegations are made as to the amount of damages sought. See Plaintiffs' Complaint, pp. 3-4.

    d.    Further, as noted above, Plaintiffs' Complaint seeks a declaration that AWG has the right to repurchase shares of AWG held by Pacific (Plaintiffs' Complaint, p. 4), and the current value of those shares is $2,305,290.00. See Plaintiffs' Complaint, Exhibit F, pp. 2-3.

    e.    Additionally, Plaintiffs seek to recover their attorneys' fees incurred in the State Court Action (Plaintiffs' Complaint, pp. 3-4), and attorneys' fees up to the time of removal also count towards the jurisdictional amount for federal jurisdictional purposes. *See Oshana*, 472 F.3d at 512.

    f.    Given the absence of allegations as to the amount of damages sought by Plaintiffs and lack of an express, binding disclaimer of the jurisdictional amount, the value of the shares of AWG, and Plaintiffs' request for "an award of damages and expenses, including attorneys' fees[,]" Defendants have established the requisite "plausible allegations" that the amount in controversy exceeds $75,000.00 and the State Court Action may be removed to this Court on the basis of diversity jurisdiction.

11.    Pursuant to S.D. Ind. L.R. 81-1(a)(2), Defendants provide the following statements regarding citizenship of the parties:

  a. Atlas is a Delaware corporation with its principal place of business in Evansville, Indiana.

  b. AWG is a Delaware corporation with its principal place of business in Evansville, Indiana.

  c. Alvin is an individual citizen of Hawaii.

  d. Pacific is a Hawaii limited liability company, and its sole member is PTW, Inc., a Hawaii corporation with its principal place of business in Honolulu, Hawaii

  e. Given the foregoing, there is complete diversity of citizenship between the parties and the State Court Action may be removed to this Court on the basis of diversity jurisdiction.

12. Pursuant to 28 U.S.C. § 1446(a), the State Court Action may be removed to the United States District Court for the Southern District of Indiana, Evansville Division, which embraces Vanderburgh County, Indiana, within its jurisdiction.

13. Pursuant to 28 U.S.C. § 1446(d), Defendants shall promptly give written notice of this removal to all adverse parties in the State Court Action, and shall file a copy of this Notice of Removal with the Clerk of the Vanderburgh Circuit Court.

WHEREFORE, Defendants, Pacific Transfer, LLC and Alvin Tanaka, by counsel, respectfully request that the Court accept this Notice of Removal, and that it assumes jurisdiction over this action in its entirety from the Circuit Court of Vanderburgh County, Indiana, and for all other relief proper in the premises.

Respectfully Submitted,

KROGER GARDIS & REGAS, LLP

By  /s/ Stephen J. Peters
   Stephen J. Peters, Attorney No. 6345-49
   speters@kgrlaw.com
   David I. Rubin, Attorney No. 22525-53
   drubin@kgrlaw.com
   Counsel for Defendants, Pacific Transfer, LLC and Alvin Tanaka

KROGER GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
(317) 692-9000
(317) 264-6832 (Fax)

## **CERTIFICATE OF SERVICE**

   I hereby certify that on May 19, 2023 a copy of the foregoing was filed electronically. I further certify that a copy of the foregoing was served on May 19, 2023 by placing a copy of same in the U.S. first class mail, addressed to:

Patrick A. Shoulders  
Robert L. Burkart  
Clifford R. Whitehead  
ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP  
20 N.W. First Street  
P.O. Box 916  
Evansville, IN 47706  

              /s/ Stephen J. Peters  
              Stephen J. Peters

KROGER GARDIS & REGAS, LLP  
111 Monument Circle, Suite 900  
Indianapolis, IN 46204  
(317) 692-9000  
(317) 264-6832 (Fax)  
speters@kgrlaw.com